IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY BUSSIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-606-P-BN |
| | § | |
| JOHN BOENHNER, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

This is a civil rights action brought by Anthony Bussie, a federal prisoner appearing *pro se*, against two United States congressmen, John Boehner[1] and Robert E. Andrews. Plaintiff claims that Defendants have denied him due process, and created a hostile and unsafe work environment. *See* Dkt. No. 3 at 3. Plaintiff further alleges that Defendant Andrews committed a "civil wrong" and that Defendant Boehner engaged in obstruction of justice in a criminal matter. *Id.* at 4. By this lawsuit, Plaintiff seeks $1.2 trillion in monetary damages and demands that Defendants be ordered to

---

[1] Plaintiff has misspelled Congressman Boehner's last name. For purposes of this recommendation, the undersigned will use the correct spelling.

-1-

report to the Congressional Oversight Committee and to the Congressional Committee on Ethics. *See id.* at 8.

Plaintiff has filed a motion seeking leave to proceed *in forma pauperis. See* Dkt. No. 4. The undersigned now concludes that Plaintiff should not be allowed to proceed *in forma pauperis* because, while incarcerated, he has filed at least three prior civil actions that were dismissed as frivolous, malicious, or for failure to state a claim and he is not "under imminent danger of serious physical injury." Therefore, this action should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

## Legal Standards

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to the "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* In order to meet the "imminent danger" requirement of section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting

*Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

## Analysis

Plaintiff has filed at least three civil actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim. *See Bussie v. Andrews*, 5:13-cv-322 (E.D.N.C. Sept. 3, 2013) (dismissing action as frivolous; no appeal); *Bussie v. Dep't of Defense*, No. 1:13-cv-4574 (E.D.N.Y. Sept. 23, 2013) (dismissing action as frivolous and recognizing Plaintiff's abusive filing history; no appeal); *Bussie v. Attorney General*, No. 3:13-cv-476 (W.D. Wis. July 30, 2013) (dismissing action as frivolous and malicious; no appeal); *Bussie v. Federal Election Commission*, No. 3:13-cv-477 (W.D. Wis. July 30, 2013) (dismissing action as frivolous and malicious; no appeal); *Bussie v. Brauman*, No. 3:13-cv-1055 (D. Conn. Aug. 8, 2013) (dismissing case as frivolous; no appeal); *Bussie v. Marquez*, No . 3:13-cv-01056 (D. Conn. Aug. 6, 2013) (dismissing action as frivolous; no appeal filed); *Bussie v. FDIC*, 1:13-cv-23000 (S.D. Fla. Oct. 30, 2013) (dismissing action for failure to state a claim; no appeal filed); *Bussie v. Dep't of Commerce*, No. 5:12-cv-792 (E.D.N.C. March 12, 2013) (dismissing action as frivolous; appeal dismissed for failure to prosecute, No. 13-1640 (4th Cir. Aug. 13, 2013)). He has made no showing that he is under imminent danger of serious physical injury. Accordingly, he should be barred from proceeding *in forma pauperis* under Section 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

**Recommendation**

Plaintiff's complaint should be dismissed as barred by the three strikes provision of 28 U.S.C. § 1915(g). This dismissal should be without prejudice to Plaintiff's right to reopen the case if he pays the $350.00 filing fee and the $50.00 administrative fee within thirty (30) days of dismissal.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 21, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE